## Benjamin Ellis *vs.* William Beale.

Horse racing, or horse trotting, is a game within the *st.* 1821, *c.* 18, "to prevent gaming for money or other property."

This statute, with respect to the party losing, is not penal but remedial.

Money lost by betting upon the speed of horses in a trotting match, may, under the provisions of that statute, be recovered back.

Exceptions from the Middle District Court, Redington J. presiding.

The action was money had and received, and was brought to recover back the sum of fifty dollars lost at gaming. The plaintiff offered to prove, that he and the defendant agreed to trot horses, and laid a wager of fifty dollars on the speed of their respective horses ; that the amount of the wager was deposited in the hands of a stakeholder, to be paid to the winner of the wager; that the plaintiff and defendant did trot their horses ; and that the stakeholder thereupon paid the fifty dollars deposited in his hands by the plaintiff to the defendant as the winner. The action was commenced within three months from the time of the wager.

The plaintiff contended, that this was a case within the statute

entitled " an act to prevent gaming for money or other property," and insisted on his right to recover back his money under the provisions of that act.

The Judge ruled, that the facts stated, if proved, would not support the action, and excluded the testimony on that ground. The plaintiff filed exceptions.

*Wells* and *Morrill*, for the plaintiff, said that the suit was brought to recover back money lost by gaming under our *st.* 1821, *c.* 18, § 2. Our statute is the same as the *Mass. stat.* of 1786 ; and that the *st.* 1786, was the same as that of 9th *Anne*, with the exception of two or three words not touching this question. The latter is found in *Bac. Abr. Gaming, B.* Horse racing, horse trotting, cock-fighting, and card playing for money, are prohibited, and the money may be recovered back. 5 *Dane*, 209; 1 *ib.* 693 ; 2 *B. & Pul.* 130; 4 *Bl. Com.* 173; 7 *T. R.* 316; 6 *ib.* 499 ; *Chitty on Con.* 241. All wagers in this State are unlawful. *Lewis* v. *Littlefield*, 15 *Maine Rep.* 233. This is a remedial law. 5 *Dane*, 210. The wrong does not consist in trotting the horses, but in gaming, and in keeping the money won at gaming in that way.

*May*, for the defendant, said that the exceptions presented the single question, whether the money could be recovered back by the provisions of the statute. Whether it can be or not at common law is not open. Where the act is unlawful, and the parties stand in *pari delicto*, the money received under the unlawful contract cannot be recovered back. 2 *Hall*, 299; 11 *Mass. R.* 368; 3 *Pick.* 446.

The cases referred to in *Black. Com.* cited for the plaintiff, were all under the *stat.* of 16 *Charles* 2d, *c.* 7. That statute expressly extends to horse races and foot races. They are omitted in the *statute* of *Anne*, as well as in that of *Massachusetts*, and in our own. They therefore were not intended to be included. The statute is penal, and not remedial, and should be strictly construed. 3 *N. H. Rep.* 52; 7 *Cowen*, 496.

The opinion of the Court was by

WESTON C. J. — The question, upon which this cause must necessarily turn is, whether horse racing is a game, within the *stat.*

Ellis *v.* Beale.

of 1821, *c.* 18.   If it is,  there can be  no  just  distinction  taken, between the trotting and  racing of horses.   And we are of opinion, that horse racing is a game ; and so within the statute.   Cards and dice  are  expressly named.   " Any other  game," embraces a great variety of other devices of chance  or skill, by which money may be lost or won.   Cock fighting,  horse racing  and foot  racing are called games, by the statute, 16 *Charles* 2*d, c.* 7.

Under the *stat.* of 9 *Anne, c.* 14, although horse racing is  not mentioned, it has been  held to  be embraced in the act,  under the general words, other game or games.   *Bluxton* v. *Pye*, 2 *Wilson*, 309.   So a foot  race has been  adjudged to be  a game  within the same statute.   *Brown* v. *Berkeley,  Cowper*, 281.   In *Segel* v. *Jebb*, 3 *Stark. R.* 1, *Abbott C. J.* was of opinion, that the statute applied to all games,  whether of skill or chance,  and that it was the playing for money, which made  them unlawful.   The statute with respect to the party losing,  is remedial  not penal.   *Bines* v. *Booth*, 2 *Wm. Bl.* 1226.   Horse racing is within all the mischiefs, which render gaming unlawful.

*Exceptions  sustained.*